F. D. C. Corporation

*v.*

Earl C. Burgess.

473 S.W.2d 186

(*Nashville,* December Term, 1970.)

Opinion filed November 15, 1971.

Kirk C .Waite, Jr., Steltemeier, & Westbrook, Nashville, for complainant-appellant.

Walter E. Nesbit, Columbia, for defendant-appellee.

Mr. Justice McCanless delivered the opinion of the Court.

On February 11, 1971, the complainant, F. D. C. Corporation filed its complaint against Earl C. Burgess in the Chancery Court at Columbia by which it sought a new hearing on the merits of a suit between the same parties and in which a final decree had been pronounced and entered on June 24, 1970. It prayed and was granted an injunction inhibiting further proceedings in the cause.

The complainant alleged that on August 20, 1969, it had filed its original bill in the Chancery Court by which it had sought a deficiency judgment against the defendant, Earl C. Burgess, on a secured promissory note and that the defendant had answered the bill and filed a cross-bill by which he had averred a violation of the Uniform Commercial Code in the sale of a 1968 model White Sleeper Cab, claiming damages of $6,977.20. The complainant further charged that the suit had been heard on two days, April 29 and June 24, 1970, and on the latter date the court had dismissed the complainant's bill, had

sustained the defendant's cross-bill, and had entered judgment on the cross-bill and against the complainant for $6,977.20 and the costs of the suit.

The following paragraph appears in the complaint:

"On July 24, 1970 the complainant and cross-defendant filed its appeal bond with the Clerk and Master of Maury County. The complainant and cross-defendant prior to the expiration of the time within which to perfect its appeal made an effort to file its bill of exceptions but was informed that the Chancellor was outside the State of Tennessee and was unavailable to sign the bill of exceptions."

Thereafter the complainant averred that it was entitled to perfect its appeal, that it had been prevented from doing so through no fault of its own, that it had not been guilty of laches or negligence, but that the Chancellor had not been available for some weeks before the expiration of the time allowed for the filing of the bill of exceptions. Attached to the complaint as an exhibit is a transcript of the previous hearing. The defendant, Earl C. Burgess, filed a plea of *res adjudicata* which the Chancellor sustained dismissing the complaint.

Since the suit was finally determined by a method not involving a review or determination of facts the appeal was to this Court. Section 16-408, Tennessee Code Annotated.

■ It will be noticed that this suit—an original action to compel a new trial of the former suit—was begun after the Rules of Civil Procedure had become effective and since Rule 7 abolishes pleas and provides for the defense of civil actions by answer the plea will be considered as

the defendant's answer—an answer by which the defendant asserted the single defense of *res adjudicata.*

Chancellor Gibson in Section 336, Gibson's Suits in Chancery [5th Edition], said:

"If the same controversy has already been adjudicated on its merits between the same parties, or their privies, in a Court of competent jurisdiction, the judgment or decree of such Court may be pleaded in bar to the second suit. Such plea must, however, show that the issue and the subject matter in the two suits were the same, and that the former suit was between substantially the same parties as the present suit; and so much of the former bill and answer must be set forth as is necessary to show that the same point was there in issue."

But the object of the suit before us is to obtain a rehearing of the former suit and is a direct attack upon the decree in that suit. The parties are the same in both actions but the subject matter is altogether different. It follows that the defense of *res adjudicata* is not available to the defendant Burgess and inasmuch as it is the only defense which the defendant asserted we must adjudge the answer to be insufficient.

We consider, however, that under the facts as they appear in the record and as counsel related them in their oral arguments we should not dispose of the appeal without a discussion of the applicable law. This will be of guidance to the parties on remand of the suit to the Chancery Court.

The contention of F. D. C. Corporation is that it was deprived of its bill of exceptions, without which its ap-

peal would have been in vain, because the Chancellor before whom the case was tried was outside the State of Tennessee and had been unavailable to sign the bill of exceptions.

The complainant invokes the equitable powers of the Chancery Court to award it a rehearing in this case. That power has been recognized by this Court in many cases —the earliest of which were *Kingsley and Nichols v. State Bank* and *Kearney and Moore v. Smith and Jackson,* both of which were decided at the March term, 1832, and are reported at pages 107 and 127 of 3 Yerg. [11 Tenn.].

In *Dennis v. State,* 137 Tenn. 543, 195 S.W. 162 [1917], this Court for the first time held where a defendant in a criminal case was denied his constitutional and statutory right of appellate review by failure to settle his bill of exceptions within the time allowed without fault on his part such defendant was entitled to a new trial. The Court in this case said:

"It is clear that through no fault of plaintiff in error he had been denied rights to which he was entitled under our Constitution and statutes. He was entitled to the benefit of having the exceptions he reserved during the trial presented to and acted upon by the judge who presided at the trial and saw and heard all that there occurred, and he was entitled to have that judge pass upon the merits of those exceptions and upon the merits of his motion for a new trial. These important rights he had been deprived of, not by his own fault, but by the fault of the judge whose duty it was to see that these rights be accorded him."

The effect of *State ex rel. Terry v. Yarnell,* 156 Tenn. 327, 5 S.W.2d 471 [1928], was to apply the holding in *Dennis v. State,* supra, to actions in the law court and to hold that the aggrieved party desiring an appeal could file a bill in equity to compel the Circuit Court to grant him a new trial. In *Tenn. Central R. Co. v. Tedder,* 170 Tenn. 639, 98 S.W.2d 307 [1936], it was said that the determinative question in such a case is, "Has the complainant been deprived of his right to a hearing on appeal, on the merits, through no fault of his own?"

It should be observed that the facts necessary to be shown in order for equity to grant a new trial in a suit filed in a law court as set out in Section 1271 of Gibson's Suits in Chancery are different from the facts necessary for equity to grant a new trial in a suit filed in a law court under the rule of *State ex rel. Terry v. Yarnell,* supra. Under *State ex rel. Terry v. Yarnell* the facts necessary are that the aggrieved party desiring an appeal has been denied such by failure to settle his bill of exceptions within the time allowed without any fault or negligence on his part.

This Court has never ruled on whether a Chancery Court can grant a rehearing as to one of its own decrees, otherwise final, where a party to the decree has been prevented from having an appellate review by failing to settle his bill of exceptions within the time allowed without fault or negligence on his part.

■ We hold, therefore, that in a proper case the Chancery Court may grant a party a new trial, as in the law cases, when he has been prevented from filing his bill of exceptions in a cause in that court within the time allowed and without his fault or negligence.

We remand the cause to the Chancery Court for a rehearing with permission for the parties to amend their pleadings within the Chancellor's discretion, and that thereafter he pronounce such decree as may be appropriate. The costs of this appeal will be borne equally by the parties. The Chancellor will adjudge the costs in the Chancery Court.

DYER, CHIEF JUSTICE, CRESON and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.