Helen Scales TRICE, Individually and d/b/a Scales Farms, Petitioner,

v.

A. C. MOYERS, Respondent.

Supreme Court of Tennessee.

Jan. 30, 1978.

William M. Leech, Jr., Leech, Hardin & Knolton, Columbia, for petitioner.

Jack B. Henry, Henry & Henry, Pulaski, for respondent.

## OPINION

HARBISON, Justice.

In this case an unsuccessful plaintiff in a civil action has sought relief from the judgment of the trial court and has moved for a new trial upon the basis that he was deprived of effective appellate review without fault on his part. Relief is claimed under Rule 60.02, Tennessee Rules of Civil Procedure.

The action was instituted by respondent for an accounting for alleged partnership profits. Petitioner counterclaimed, seeking an accounting and reimbursement for losses sustained in a number of cattle purchases and sales in which the parties were involved.

Several depositions were taken, and the case was thereafter tried without a jury upon these depositions, oral testimony and numerous exhibits. The trial consumed two days, March 6 and 7, 1975, and the matter was taken under advisement by the Chancellor.

On January 16, 1976 the Chancellor filed a memorandum opinion, finding that neither party was entitled to recover from the other. Pursuant to the opinion, judgment was entered on February 21, 1976. Respondent filed a motion for a new trial which was overruled on April 6, 1976. An order reflecting that action and allowing respondent an appeal was entered on April 21. Respondent was allowed a total of ninety days within which to prepare and file a bill of exceptions.

Thereafter, on April 30, 1976, the present motion, seeking relief from the judgment and a new trial, was filed. It alleged that after the motion for new trial had been overruled, counsel for respondent contacted the court reporter who had been present at the trial and ordered from her a transcript of the evidence. The motion alleged that counsel was advised that during January, 1976 "she had erased all of those tapes since it had been some nine (9) months since the case was tried, and she assumed that no one was going to appeal and that the matter was closed."

The motion alleged that counsel for both parties were in agreement that "there is no way to prepare a narrative bill of exceptions in view of the complexity of the proof."

In support of this motion there was attached an affidavit, dated May 6, 1976, from the court reporter, which stated that she was "authorized to report lawsuits in the State of Tennessee." The affiant stated that she was the reporter in the instant case, but that no one had ordered a transcript of the testimony. Accordingly, "sometime in January 1976" after hearing nothing from either party with reference to having a transcription made, she "erased the tapes, since I felt that after such a length of time had expired, no one needed a transcript, or the case had been disposed of."

No further affidavits or testimony appear to have been taken in connection with the

motion, nor was any response thereto filed, insofar as the record reveals. The Chancellor heard the motion, considered the affidavit and statement of counsel, and on June 23, 1976 entered an order overruling the motion for relief.

The text of the order recites that counsel for respondent had alleged that there was no way to prepare a narrative bill of exceptions, and that counsel for petitioner "has stated in open court that it would be virtually impossible to prepare a narrative bill of exceptions." The order recites that the case was, to a large extent, tried on the basis of many exhibits with testimony of the parties and witnesses being related to the exhibits. The trial court found as a fact "that an adequate and accurate narrative bill of exceptions would be virtually impossible."

From the denial of his motion, respondent appealed to the Court of Appeals. That Court reversed and ordered a new trial, finding that sufficient basis for relief under Rule 60.02 had been shown.

The Court of Appeals noted that counsel for the petitioner averred in his brief in three places that the Court reporter "employed standard shorthand and backup recording devices." The Court found no evidence of those facts in the record. After quoting the affidavit of the reporter, the Court of Appeals said:

"We assume that had there been shorthand notes taken at the trial a proper record could have been prepared and counsel and the court would not have agreed that the preparation of a record would be virtually impossible."

The record is silent as to whether shorthand notes existed from which a proper transcript could be prepared, although we note that nearly a month elapsed between the filing of the court reporter's affidavit and the hearing on the Rule 60 motion— seemingly an ample time for either or both parties to have developed the facts on this point if either had desired to do so.

■ Except as provided in criminal and post-conviction cases, pursuant to T.C.A.

§§ 40–2029 et seq., Tennessee had no system of official reporters in trial courts. Court reporters are engaged privately, at the expense of one or more of the parties, and are not officials of the trial court system. From the nature of their work, probably in legal theory most of them are independent contractors rather than direct employees of the litigants, although this may be a question of fact to be determined from proper evidence if the issue is contested.

The affidavit of the court reporter in the present case states that she was "authorized to report lawsuits in the State of Tennessee."

The meaning of this statement is unclear. The reporter may have meant that she was a member of a professional reporters' association, or perhaps that she had been designated in one or more of the trial courts to report criminal cases. There is no statement of her qualifications, and this court simply has no way of knowing whether she can or did take shorthand or other notes of the trial, in addition to the tape recordings.

■ The record is extremely meager, and the relief sought by the respondent is drastic. Respondent seeks to set aside a judgment on its merits, and to require the successful party to submit to a complete new trial because of the respondent's dilemma. We are of the opinion that the record is not yet sufficiently developed to warrant that sort of relief. On the other hand, counsel for the respondent was, from a practical standpoint, at the mercy of a private court reporter, and does not appear to have been personally at fault. From the present record it does not appear that he could have known of the need for a transcript until the case had been completed in the trial court and authority from his client to appeal had been received. He tried to obtain a bill of exceptions promptly after his motion for post-trial relief had been denied, insofar as the record indicates.

■ There is no question in this state of the authority of a court of equity to order a new trial, either in the law courts or in an equity court itself, when a party has,

without fault on his part, been deprived of effective appellate review. *See, F. D. C. Corp. v. Burgess*, 225 Tenn. 546, 473 S.W.2d 186 (1971). The filing of a separate or independent suit in equity for relief from a judgment is recognized as a permissible remedy under Rule 60.02. This, however, has not been encouraged, since the adoption of the Rules of Civil Procedure. Most claims for relief from a judgment which has become final can be presented under the provisions of Rule 60. *See Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn.1976).

Nevertheless, as mentioned previously, the relief sought here is serious and quite out of the ordinary. It should be granted only upon a clear showing that the party seeking to appeal could not, in fact, obtain an adequate transcript of the testimony of the witnesses and that he was deprived of this without culpable neglect on his own part. In cases decided prior to the adoption of Rule 60, the requirements for obtaining a new trial in equity were very strict, and such relief was not routinely granted. *See Tenn. Central Ry. Co. v. Tedder*, 170 Tenn. 639, 98 S.W.2d 307 (1936).

The affidavit of the court reporter in the present case fails to state her qualifications, fails to show whether or not she did take shorthand notes, or whether any such notes would be adequate upon which to base a trial transcript. It simply says that she had erased her tapes, nothing more.

Apparently both counsel were of the opinion that from their own notes or recollections a narrative bill of exceptions would be "virtually impossible." Whether they consulted their clients or witnesses does not appear. If in fact shorthand or other notes did exist, further inquiry could and should be made into the qualifications of the court reporter and her ability to convert such notes into a reasonable transcript or summary of the testimony.

The erasure of the tapes may have obliterated all possibility of there being any usable trial transcript, but this does not sufficiently appear in the present record to justify setting aside a judgment on the merits and the granting of a new trial. On other other hand, as indicated previously, we are not satisfied from the record that the situation resulted from fault on the part of respondent or his counsel. Certainly the broad review available in an equity case, T.C.A. §§ 27–301 et seq., is a valuable right, of which a party should not be deprived by circumstances wholly unforeseeable and beyond his control.

Petitioner correctly insists that the burden of showing a basis for relief under Rule 60 rests upon respondent in this case and that petitioner should not be required to go forward with evidence to assist her opponent. However, the matter is essentially one of equity, and we are not content to have so fundamental an issue disposed of upon a record so meager that courts are forced to engage in guesswork to decide the merits. It is the petitioner who has suggested that other court reporter notes or records existed, but she produced no evidence of this essential information for the record. Obviously more complete and satisfactory evidence can and should be developed. Further proceedings are appropriate under those circumstances. T.C.A. § 27–329.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court. Both parties should be given the opportunity for a full evidentiary hearing as to whether or not, as of April, 1976, it was or was not feasible or practicable for the respondent to obtain a transcript or a summary of the trial testimony which, in the opinion of the trial judge, would be adequate for purposes of appellate review. If the trial judge is of the opinion that such a record could have been obtained or that there was inexcusable neglect chargeable to respondent, then relief under Rule 60.02 would be inappropriate and should be denied. If he is of the opinion that such a record could not have been obtained by any practicable or feasible means at the disposal of the respondent, and that the respondent and his counsel were without fault in that regard, he should grant relief and order a new trial.

Costs of the present appeal will be divided equally between the parties. All other costs will be assessed by the trial judge.

FONES, COOPER and BROCK, JJ., and McCANLESS, Special Judge, concur.

HENRY, C. J., not participating.