**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT NASHVILLE**

CORAZON R. JENKINS,       )
                                   )
        Plaintiff/Appellee,    )  **Coffee Circuit No. 1419-D**
                                   )
VS.                          )  **Appeal No. 01A01-9609-CV-00399**
                                 )
T. ARTHUR JENKINS,      )
                                 )
        Defendant/Appellant.   )

**FILED**

**July 16, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF COFFEE COUNTY
AT MANCHESTER, TENNESSEE
THE HONORABLE JOHN W. ROLLINS, JUDGE

**T. Arthur Jenkins, pro se**
Manchester, Tennessee

**Hollynn L. Hewgley**
Shelbyville, Tennessee
Attorney for Appellee

**AFFIRMED**

                                                **ALAN E. HIGHERS, J.**

**CONCUR:**

**HOLLY KIRBY LILLARD, J.**

**WILLIAM C. KOCH, J.**
      In this divorce case, T. Arthur Jenkins ("Husband") appeals from an order of the trial

court which denied his motion to set aside a divorce decree pursuant to Tenn. R. Civ. P. 60.02(2) and 60.02(5) and ordered him to pay $637.50 to Corazon Jenkins ("Wife") as payment for Wife's attorney fees arising from Husband's filing of the motion. Husband appeals the judgment of the trial court arguing that the trial court erred in denying his motion to set aside the divorce decree. For the reasons stated hereafter, we affirm the judgment of the court below.

## PROCEDURAL HISTORY

The trial court awarded Wife a decree of absolute divorce from Husband and dismissed Husband's counter-complaint for divorce. The trial court held that the house in the Phillippines was Wife's separate property and awarded Wife $2,982.06, the value of the insurance proceeds issued to Husband and Wife to repair Wife's car which Husband had appropriated. The trial court awarded both parties their separate vehicles, assessed costs of the action against Husband, and denied Husband's claim for alimony and attorney fees.

Husband appealed the trial court's decree of divorce to this Court, and this Court affirmed the judgment of the trial court. Husband then appealed the decision of this Court to the supreme court, and the supreme court denied Husband permission to appeal.

Husband next filed a motion in the trial court to set aside the decree of divorce pursuant to Tenn. R. Civ. P. 60.02(2) and 60.02(5). In response to Husband's motion to set aside the divorce decree, Wife filed a motion for sanctions against Husband pursuant to Tenn. R. Civ. P. 11.02 and 11.03, arguing that Husband's motion was filed to harass, to unnecessarily delay and/or to needlessly increase the cost of litigation. The trial court denied Husband's motion to set aside the divorce decree and granted Wife's motion for Rule 11 sanctions against Husband, ordering Husband to pay $637.50 to Wife as payment for Wife's attorney fees which arose from Husband's filing of the motion.

2

Husband now appeals to this Court arguing that the divorce decree was based upon fraudulent allegations of Wife and that such decree should be set aside pursuant to Tenn. R. Civ. P. 60.02(2) and 60.02(5).

**LAW**

Husband raises the following issues on appeal:

1) Whether the trial court erred in denying Husband's motion to set aside the divorce decree pursuant to Tenn. R. Civ. P. 60.02(2) and 60.02(5);

2) Whether the trial court erred in granting Rule 11 sanctions against Husband; and

3) Whether the trial court erred in dividing the parties' marital property.

Rule 60.02 provides in part as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02.

A motion for relief from a judgment based upon Tenn. R. Civ. P. 60.02 addresses the sound discretion of the trial court. Underwood v. Zurich Ins. Co., 854 S.W.2d 94, 97 (Tenn. 1993); Hopkins v. Hopkins, 572 S.W.2d 639, 640 (Tenn. 1978); Ellison v. Alley, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995). Our scope of review on appeal is to determine whether the trial court abused its discretion. Underwood, 854 S.W.2d at 97; Banks v. Dement Const. Co., Inc., 817 S.W.2d 16, 18 (Tenn. 1991); Toney v. Mueller Co., 810 S.W.2d 145, 147 (Tenn. 1991); Travis v. City of Murfreesboro, 686 S.W.2d 68, 70 (Tenn.

1985); John Barb, Inc. v. Underwriter's at Lloyd's of London, 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983).

Rule 60.02 "was designed to strike a proper balance between the competing principles of finality and justice."  Banks, 817 S.W.2d at 18; Jerkins v. McKinney, 533 S.W.2d 275, 280 (Tenn. 1976).  Regarding the purpose of this rule, the supreme court in Toney v. Mueller Co. stated:

> Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order.  Nor is the rule a mechanism for use by a party who is merely dissatisfied with the result of a particular case.  Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated.  As recently stated by this Court, "Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." Thompson v. Firemen's Fund Ins. Co., 798 S.W.2d 235, 238 (Tenn.1990).  Because of the importance of this "principle of finality," the "escape valve" should not be easily opened.

Toney, 810 S.W.2d at 146.

To set aside a judgment under Rule 60.02, the burden of proof is cast upon the movant, and there must be proof of the basis on which relief is sought.  Banks, 817 S.W.2d at 18; Trice v. Moyers, 561 S.W.2d 153, 156 (Tenn. 1978); Hopkins, 572 S.W.2d at 640; Brumlow v. Brumlow, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986); Jefferson v. Pneumo Servs. Corp., 699 S.W.2d 181, 186 (Tenn. Ct. App. 1985); Rhea v. Meadowview Elderly Apartments, Ltd., 676 S.W.2d 94, 95 (Tenn. Ct. App. 1984).  Husband did not set forth facts and circumstances sufficient to justify invocation of the extraordinary relief afforded by Rule 60.02 either in his motion for relief from the judgment or in his accompanying affidavit.  The trial judge considered the arguments of counsel, taking into account the affidavit submitted in support of the motion and the entire record, and found that Rule 60.02 relief was not merited under the circumstances.  Because the record does not support Husband's claim that denial of the motion was an abuse of discretion, we affirm the decision of the trial court denying Husband's motion to set aside the divorce decree.

Rule 11 of the Tennessee Rules of Civil Procedure requires that every pleading,

4

written motion or other paper be signed by at least one attorney of record, or, if the party is not represented by an attorney, signature of the party is required. The signature of the attorney or party certifies that

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tenn. R. Civ. P. 11.02.

The certification which results from the attorney's signature on a motion, pleading or other document is directed at the three substantive prongs of Rule 11: its factual basis, its legal basis and its legitimate purpose. Andrews v. Bible, 812 S.W.2d 284, 287 (Tenn. 1991). A signature signifies to the court that the signer has read the pleading, has conducted a reasonable inquiry into the facts and the law, is satisfied that the document is well-grounded in both, and is acting without any improper motive. Id.

If a pleading is signed in violation of Rule 11.02, the court may impose an appropriate sanction upon the attorney, law firm, party that has violated the rule, or that person responsible for the violation. Tenn. R. Civ. P. 11.03. The sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Id. The amount of the sanction must be supported by proof in the record as to the basis for the trial court's determination. Wright v. Quillen, 909 S.W.2d 804, 815 (Tenn. Ct. App. 1995).

In deciding whether an attorney's conduct is sanctionable, the test to be applied is one of objective reasonableness under all the circumstances, and the reasonableness of the attorney's belief must be assessed in light of the circumstances existing at the time the

document in question was signed. <u>Andrews</u>, 812 S.W.2d at 288; <u>Krug v. Krug</u>, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992); <u>See also</u> <u>Business Guides v. Chromatic Communications Ent.</u>, 111 S.Ct. 922, 929 (1991); <u>Cooter & Gell v. Hart Marx Corp.</u>, 110 S.Ct. 2447, 2454 (1990).

In the present case, we agree with the trial court's imposition of Rule 11 sanctions against Husband for his filing of the motion and affidavit in support of setting aside the divorce decree pursuant to Tenn. R. Civ. P. 60.02 and 60.02(5). Husband's affidavit in support of the motion includes irrelevant, specious and debasing allegations against Wife which provide no material support for the motion. Because the trial court's imposition of sanctions against Husband was reasonable under all the circumstances, we affirm the trial court's order.

Finally, Husband argues that the trial court erred in dividing the parties' marital property. Specifically, Husband argues that the trial court erred in finding that the house in the Phillippines was Wife's separate property. In support of his motion to set aside the divorce decree, Husband submitted the affidavit of Elizabeth Cassion, a former wife of Husband, which stated that Wife purchased the house in the Phillippines during the parties' marriage.

The principle of finality is a principle of law deeply ingrained in the holdings of our Court. This principle has been repeated in numerous cases where we have addressed the issue of the justification of a new trial based upon newly discovered evidence. To justify a new trial based upon newly discovered evidence it must be shown that the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through the exercise of reasonable diligence. <u>Chicago Guar. Fund Life Soc'y v. Ford</u>, 58 S.W. 239, 240 (Tenn. 1900); <u>Martin v. Nance</u>, 40 Tenn. 649 (1859); <u>Seay v. City of Knoxville</u>, 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983); <u>Frazier v. McFerren</u>, 402 S.W.2d 467, 471-72 (Tenn. Ct. App. 1964); <u>Monday v. Millsaps</u>, 264 S.W.2d 6, 23 (Tenn. Ct. App. 1953); <u>Bean v. Commercial Sec. Co.</u>, 156 S.W.2d 338, 347 (Tenn. Ct. App. 1941);

6

Blue Bird Coaches, Inc. v. McGregor, 14 Tenn.App. 23 (1931); Wilkerson v. Joyce-Watkins Co., 5 Tenn.App. 356 (1927); Tennessee Eastern Elec. Co. v. Link, 6 Tenn.App. 617 (1926). Thus, an attorney has a duty to investigate prior to trial, Demonbreun v. Walker, 63 Tenn. 199 (1874); Tabler v. Connor, 60 Tenn. 195 (1873); Tipton v. Smith, 593 S.W.2d 298, 302 (Tenn. Ct. App.1979); Brown v. University Nursing Home, Inc., 496 S.W.2d 503, 510 (Tenn. Ct. App.1972); City of Knoxville v. Ryan, 13 Tenn.App. 186 (1929), to call appropriate witnesses at trial, Zirkle v. Stegall, 43 S.W.2d 192, 193 (Tenn. 1931); Ware v. State, 67 S.W. 853 (Tenn. 1902); Wilson v. Nashville, C. & St. L. Ry., 65 S.W.2d 637, 644 (Tenn. Ct. App. 1933); Stafford v. Stafford, 1 Tenn.App. 477 (1926), to fully examine all witnesses, Noel v. McCrory, 47 Tenn. 623 (1868); Luna v. Edmiston, 37 Tenn. 159 (1857); Darnell v. McNichols, 122 S.W.2d 808, 816 (Tenn. Ct. App. 1938), and to secure evidence of which counsel becomes aware at trial. Bradshaw v. Holt, 292 S.W.2d 30, 35 (Tenn. 1956); Southwestern Transp. Co. v. Waters, 79 S.W.2d 1028, 1031 (Tenn. 1935); Whitfield v. Loveless, 1 Tenn.App. 377 (1925). The client is also under a duty to act with due diligence in securing evidence for trial. Hayes v. Cheatham, 74 Tenn. 1 (1880); Harbour v. Rayburn, 15 Tenn. 432 (1835); Puckett v. Laster, 405 S.W.2d 35, 41 (Tenn. Ct. App. 1965); Spence v. Carne, 292 S.W.2d 438, 454 (Tenn. Ct. App. 1954).

Because prior to trial Husband could have discovered the date Wife purchased the house in the Phillippines and because prior to trial Husband knew the witness whose affidavit he attached to his motion to set aside the divorce decree, we affirm the trial court's division and labeling of the parties' marital and separate property.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to the Appellant for which execution may issue if necessary.

 

                                     _____

                                     HIGHERS, J.

CONCUR:

_____
LILLARD, J.

_____
KOCH, J.

8