# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### JULY 13, 2000 Session

## RICHARD I. GELDREICH, ET AL. v. ,JOHN D. HALL, III, ET AL.

### Direct Appeal from the Chancery Court for Dickson County
### No. 5459-98;The Honorable Leonard W. Martin, Judge

---

### No. M1999-02258-COA-R3-CV - Filed October 20, 2000

---

This appeal arises from a suit initiated by Geldriech (AInvestors@) alleging breach of fiduciary duty, fraud, and conversion by Hall in his capacity as corporate officer. When Hall failed to answer and appear for hearing, Investors= motion for default judgment was granted. Thereafter, Hall filed a motion to strike the default judgment that was denied by the court below. Hall appeals the trial court=s failure to grant him relief from the default judgment.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and PATRICIA J. COTTRELL, J., joined.

John D. Hall, III, *pro se*

Daniel C. Masten, for the Appellees

### MEMORANDUM OPINION[1]

Appellees (AInvestors@) were investors in Universal Graphics, Inc. (AUGI@), a Tennessee corporation. When Investors initially invested in UGI, UGI was under Hall=s control. On May 29, 1997,

---

[1]**RULE 10. (Court of Appeals) (b) Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated AMEMORANDUM OPINION,@ shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

UGI became unable to meet its debt obligations leading Hall and the other officers and directors to initiate Chapter 11 bankruptcy proceedings.

During the bankruptcy proceeding, Hall was removed from corporate management on the grounds of fraud, defalcation, and breach of fiduciary duty. An operating trustee was appointed to oversee the corporate assets of UGI. Subsequently, UGI=s assets were liquidated and purchased by Graphics Network, Inc. (GNI). GNI also purchased any and all causes of action available to UGI against the trustee or former UGI corporate management. GNI sold the right to pursue these causes of action to Investors.

On May 12, 1998, Investors filed suit against Hall[2] in the Dickson County Chancery Court alleging conversion of corporate assets, fraud and breach of fiduciary duty. Thereafter, Hall, as a *pro se* defendant, filed a Motion for Hearing to Determine Propriety of Complaint. Hall asserted the trial court proceeding should be stayed because of the bankruptcy. In addition, Hall claimed Investors were inappropriately attempting to pierce the corporate veil. In the interim, Investors filed a motion for judgment by default based on Hall=s failure to answer Investors= complaint. Following a hearing on Hall=s motion on July 29, 1998, the trial court denied the relief requested by Hall. Investors were instructed to prepare an order to that effect. At this time the Chancellor also warned Hall that he was subject to default judgment due to his failure to answer Investors= complaint.

On August 13, 1998, Investors sent a copy of the unsigned order and a motion for default judgment to Hall. The motion for default judgment was set for hearing on October 1, 1998. Investors received an answering letter from Hall sometime during August. The letter acknowledged receipt of Athe unsigned copies of the Orders.@ Hall claims to have received the order regarding the July 29 hearing, but denies receiving the motion for default judgment even though they were both in the same envelope.

On October 1, 1998, a default judgment was entered against Hall based on his failure to file an answer or appear for the default judgment hearing. Investors prepared and mailed a copy of the order of default to Hall and the Clerk on October 7, 1998. Hall denies that he received this order. An ex-parte hearing on damages was held on December 15, 1998. Following the hearing, Investors were awarded a judgment against Hall in the amount of $658,000. An unsigned order to this effect was sent to Hall on January 3, 1999.

On February 5, 1999, Hall filed motions to strike the orders of July 29, 1998, October 1, 1998, and January 1999. Hall based these motions on a disability he suffered as a result of a mild stroke he suffered in April 1998. Hall also denied receiving copies of either the motion for default judgment or the order granting default judgment to Investors. A medical report attached to Hall=s affidavit, and dated July 6, 1998, stated that his Acognitive functions and affect seem normal.@ Hall also filed a Motion to Set Aside Default Judgment for excusable neglect as provided in Rule 60 of the Rules of Civil Procedure. This motion is unsworn and unsupported by any affidavits.

---

[2]Hall=s wife, Dorothy Massey, was a named defendant in the action. A default judgment was entered against Massey. Although she does not appeal individually, Hall appeals Aet ux,@ thereby including Massey in his appeal.

On February 18, 1999, Hall filed an answer and counter-complaint to Investors= May 12, 1998 complaint. A hearing on Hall=s motions to strike was held on June 1, 1999. The Chancellor ruled that even if Hall did not receive the default judgment motion and order, he was not excused from following the rules of procedure. In addition, Hall had failed to show any unethical or fraudulent behavior by Investors= attorney. Hall failed to meet his burden of showing that his negligence in failing to defend himself in the suit was excusable. Accordingly, Hall=s motions were denied and the default judgment was not set aside.

Hall appeals.

## Analysis

As a preliminary matter, we find it necessary to address Hall=s position as a *pro se* litigant. Hall represented himself both during the proceedings below and on appeal. While litigants who proceed *pro se* are entitled to fair and equal treatment, "they must follow the same procedural and substantive law as the represented party." Irvin v. City of Clarksville, 767 S.W.2d 649, 652 (Tenn. Ct. App.1988). Indeed, a *pro se* litigant requires even greater attention than one represented by counsel. The trial judge must accommodate the *pro se* litigant's lack of legal knowledge without giving the *pro se* litigant an unfair advantage because the litigant represents himself. Id. From our reading of the record, the trial court made every available concession required to accommodate Hall=s *pro se* status. On appeal, Hall failed to cite to any law supporting his position or to provide a clear statement of the issue. For the foregoing reason, we limit our review to the appropriateness of the trial court=s refusal to set aside the default judgment.

## Default Judgment

On appeal, Hall claims that the trial court erred in failing to set aside the default judgment. Hall asserts that, due to a mild stroke, he was unable to take action to prevent the entry of the judgment by default. Therefore, Hall claims that the default judgment should be set aside on the grounds of excusable neglect. We do not agree.

Rule 60.02 provides in part, A[T]he court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect.@ TENN. R. CIV. P. 60.02. The burden is on the party seeking relief "to show that he [or she] is entitled to relief." Trice v. Moyers, 561 S.W.2d 153, 156 (Tenn.1978); Spruce v. Spruce, 2 S.W.3d 192, at 194 (Tenn. Ct. App. 1998). In order to succeed, the moving party must describe the basis for relief with specificity, and must show by clear and convincing evidence that it is entitled to relief based on one of the grounds in 60.02 and that it has a meritorious defense to the plaintiff's suit.[3] TENN. R. CIV. P.

---

[3] Movant should set forth in a motion, petition, or in supporting affidavits, facts explaining why he was justified in failing to avoid mistake, inadvertence, surprise of neglect. Turner v. Turner, 776 S.W.2d 88 (Tenn. Ct. App. 1987).

55.02; <u>Patterson v. Rockwell Int'l</u>, 665 S.W.2d 96, 100 (Tenn.1984); <u>Davidson v. Davidson</u>, 916 S.W.2d 918, 923 (Tenn. Ct. App.1995); <u>Hopkins v. Hopkins</u>, 572 S.W.2d 639, 640 (Tenn.1978).

A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge. Therefore, the scope of review of this Court is limited to determining whether the trial court abused its discretion. <u>Underwood v. Zurich Ins. Co.</u>, 854 S.W.2d 94 at 97 (Tenn.1993). After reviewing the record before us, we conclude that the trial court did not abuse its discretion in denying Hall=s motion to set aside the default judgment. Hall failed to provide supporting affidavits to his motion to set aside. Hall failed to show why he was justified in his negligence to answer Investors= complaint prior to entry of the judgment by default. In addition, even if Hall=s neglect was excusable, Hall failed to show that he had a meritorious defense to Investors= suit. Accordingly, the trial court=s refusal to set aside the default judgment against Hall is affirmed.

## Conclusion

Based on the foregoing, the decision of the trial court is affirmed. Costs of this appeal are taxed to Appellant, John D. Hall, III, et ux., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE