# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 8, 2008 Session

## BETH ANN MASON v. THADDEAUS SCOTT MASON

**Appeal from the Chancery Court for Rutherford County**
**No. 06-0808DR     Royce Taylor, Chancellor**

---

**No. M2007-02059-COA-R3-CV - Filed March 3, 2009**

---

Following the entry of a final decree in a divorce action, Husband filed a motion to alter or amend the decree, pursuant to Rule 60, Tenn. R. Civ. P., asserting that the parties made a clerical error in the marital dissolution agreement, as a result of which Wife received a higher percentage of marital assets than intended.  The trial court denied relief.  We affirm the action of the trial court.

**Tenn. R. App. P. 3 appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S. and ANDY D. BENNETT, J., joined.

Darrell L. Scarlett, Murfreesboro, Tennessee, for the appellant, Thaddeaus Scott Mason.

Russ Heldman, Nashville, Tennessee, for the appellee, Beth Ann Mason.

## MEMORANDUM OPINION[1]

The parties successfully mediated a resolution of all issues in this divorce action.  They entered into a Marital Dissolution Agreement ("MDA") on May 22, 2007, an addendum to the MDA also on May 22, and a Permanent Parenting Plan, all of which were presented to the trial court at a hearing on May 25, 2007, and incorporated into the Final Decree of Divorce entered on that day.

On June 18, 2007, Mr. Mason filed a Motion to Alter or Amend the Final Decree pursuant to Tenn. R. Civ. P. 60.  As grounds for his motion, Mr. Mason stated:

---

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Based upon all the discussions [at the mediation] and the values shown on the attached Exhibit "A" Ms. Mason, in paragraph 13 of the Marital Dissolution Agreement, was awarded the sum of $406,175.00. In order to fairly and equitably divide the assets between the parties the account was ordered to be prorated in kind for each asset according to the then current proration. The proration set forth in paragraph 13 incorrectly assigns Ms. Mason 88.74% of the assets when, in fact, she should have been assigned 76.25% of the assets. As a result of the mistake, Mr. Mason will receive approximately $60,000.00 less than he was supposed to and Ms. Mason will be unjustly enriched to the same extent.

Mr. Mason asserted that Paragraph 13 awarded Ms. Mason a cash amount which differed from the percentage awarded Mrs. Mason in the same paragraph. As such, Mr. Mason argued that there was an error in the MDA and, by incorporation of the MDA, the court made an error in the Final Decree.

Ms. Mason objected to the motion, arguing that the trial court had no authority to address the motion since the MDA was the result of a mediated settlement agreement between the parties, which had been enforced by entry of a final divorce decree. Further, Ms. Mason objected to the admissibility of the April 2007 account statement as hearsay under Tenn. R. Evid. 802 and as part of settlement negotiations pursuant to Tenn. R. Evid. 408. Ms. Mason argued that Mr. Mason's interpretation of Paragraph 13 was incorrect and that there had been no mistake in the express, specific assignment of an in-kind asset division of 11.26% to Mr. Mason and 88.74% to Ms. Mason.

The trial court heard Mr. Mason's Rule 60 motion on July 27, 2007; the court denied Mr. Mason's motion, holding that Rule 60 relief was inappropriate and that a separate action must be filed. Mr. Mason appeals this decision. Ms. Mason presents the following additional issues for resolution: whether the April 2007 retirement account statement relied upon by Mr. Mason was inadmissible hearsay under Tenn. R. Evid. 802 or as part of settlement negotiations under Tenn. R. Evid. 408 and Tennessee Supreme Court Rule 31(7). In addition, Ms. Mason seeks to be awarded her attorney's fees at the trial level and on appeal.

## I. Standard of Review

The party seeking relief from a judgment bears a heavy burden. Rule 60.02 provides an "exceptional remedy." *Nails v. Aetna Insurance Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Steioff v. Steioff,* 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). Its function is "to strike a proper balance between the competing principles of finality and justice," *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976) and is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Insurance Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). A motion for relief based on Rule 60.02 addresses itself to the sound discretion of the trial judge. *Underwood v. Zurich Insurance Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Wine v. Wine,* 245 S.W.3d 389 (Tenn. Ct. App. 2007).

Our standard of review of the denial of Tenn. R. Civ. P. 60 relief is to determine if the trial court abused its discretion. *Underwood,* 854 S.W.2d at 97. *See Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996). The discretionary nature of the decision does not shield it completely from appellate review but does result in subjecting it to less rigorous appellate scrutiny. *See Tennessee Dep't of Health v. Frisbee,* No. 01A01-9511-CH-00540, 1998 WL 4718, at *2 (Tenn. Ct. App. Jan. 9, 1998) (No Tenn. R. App. P. 11 application filed); *BIF v. Service Constr. Co.,* No. 87-136-II, 1988 WL 72409, at *2 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed). Because, by their very nature, discretionary decisions involve a choice among acceptable alternatives, reviewing courts will not second-guess a trial court's exercise of its discretion simply because the trial court chose an alternative that the appellate courts would not have chosen. *See Id. Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Appellate courts will set aside a discretionary decision only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence. *See id.* Thus, a trial court's discretionary decision should be reviewed to determine: (1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives. *See BIF v. Service Constr. Co.,* 1988 WL 72409, at *3. Appellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness. *See Overstreet,* 4 S.W.3d at 709.

## II. Discussion

A. Mr. Mason's Rule 60 Motion

Rule 60 allows a party to be relieved from the operation of a final judgment or order for reasons enumerated in the rule. In neither his motion filed in the trial court nor his brief filed in this court does Mr. Mason specify the reason that the alleged error he sought to correct by the motion occurred, other than to say that there was "a patent and latent defect" in certain language in the MDA. At the hearing on his motion, Mr. Mason's counsel asserted that, as a result of the "defect," Ms. Mason received more money than was agreed to in the mediation and more than she would have received had a different percentage figure been utilized in the paragraph at issue.[2] Specifically, Mr.

---

[2] Paragraph 13 of the Marital Dissolution Agreement provides as follows:

> **INDIVIDUAL RETIREMENT ACCOUNTS**: Mrs. Mason will be awarded the U.S. Bank Individual Retirement account, account number ending in 2714, free and clear of any interest of Mr. Mason. Mrs. Mason will be awarded the sum of Four Hundred Six Thousand One Hundred Seventy Five Dollars ($406,175) from the U.S. Bank Retirement account, account number ending in 0978. The division of this account will be prorated in kind for each asset in this account according to the current proration which is 88.74% to Mrs. Mason and 11.26% to Mr. Mason. In other words, as to each said asset, Mrs. Mason shall receive 88.79% of each said asset and Mr. Mason shall receive 11.26%. Mr. Mason will execute any documents necessary to transfer said funds to Mrs. Mason and into any account of her

(continued...)

Mason contended that the April 2007 statement of the account (attached as an exhibit to the motion) showed an account balance of $532,693.55. He contended that the percentage in paragraph 13 should be 76.25% of $532,693.55, such as to equal the cash amount specified in the paragraph of $406,178.83 and that, as a result of the defect, Ms. Mason received 88.74% of $532,693.55, or $472,660.74. Ms. Mason's counsel disputed that there was a defect in the paragraph or that the wording did not accurately represent the agreement reached at mediation; rather, Ms. Mason's counsel asserted that the agreement was that Ms. Mason would receive the designated percentage value of each asset in the account. After hearing statements of counsel, the trial court stated:

> Well, I don't think this is a Rule 60 issue. And I'm going to deny your motion. . . . But if it is a, and this is a binding contract then if there's some latent ambiguity or whatever, you have a separate action to bring as a contract other than Rule 60. You may have some relief available to you, but I don't think Rule 60 is the proper procedure. It should be a contract issue or any issue regarding latent or – this is an agreed marital dissolution agreement, and there's not any mistake there. It's just a question as to how it was drawn up. And if there's a contract action, then you need to bring a contract action.[3]

As the trial court correctly noted, the MDA is contractual in nature and binding between the parties; it is "subject to the rules governing construction of contracts." *Barnes v. Barnes,* 193 S.W.3d 495, 498 (Tenn. 2006) (citing *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001)). The fact that the dollar figure does not equal the percentage applied to the value of the account does not mean that there was a mistake in the drafting or wording of the MDA; rather, as suggested by the court, the paragraph might be ambiguous and its interpretation and operation produced a result that may not have been agreed upon in the mediation. These are contractual issues and the enforceability of the MDA is governed by contract law. *See Barnes,* 193 S.W.3d at 499.

The MDA was agreed upon, presented to the court and incorporated into the final divorce decree. No complaint is made by Mr. Mason that the final decree itself is void or the product of any action or activity that goes against the integrity of the judgment itself, e.g., fraud or misconduct; rather, the concern of Mr. Mason relates only to the interpretation and operation of a specific paragraph of the MDA. The "defect" asserted by Mr. Mason goes to the question of whether the terms in paragraph 13 accurately reflect the agreement reached between the parties; as such, the court is presented with a contract question rather than an issue of whether the judgment itself is valid or should be modified. The language of Rule 60.02 as well as the law is clear that the availability of relief under the rule does not preclude the filing of a separate action attacking the judgment or

---

[2](...continued)
choosing. Mr. Mason warrants that there have been no withdrawals from any of these accounts since April 2007.

[3] The court did correct a typographical error, changing the figure 88.79% to 88.74%, so that the percentages awarded Ms. Mason and Mr. Mason would equal 100%.

seeking relief therefrom. *See Trice v. Moyers,* 561 S.W.2d 153, 156 (Tenn. 1978) ("The filing of a separate or independent suit in equity for relief from a judgment is recognized as a permissible remedy under Rule 60.02").

While the concerns expressed by Mr. Mason might be characterized on his part as predicated upon a mistake or surprise as those terms are used in Rule 60, or while they might fall within the catch-all "any other reason justifying relief from the operation of the judgment," the question before this court is whether the trial court abused its discretion in denying relief under Rule 60. As is clear from the response of Ms. Mason, Mr. Mason's concerns go to the substance and operation of paragraph 13 rather than merely its wording. In accordance with our duty as set forth in *BIF v. Service Constr. Co.*, *supra*, we find that the trial court's decision to deny relief under Rule 60 is supported by the grounds set forth in the motion and is consistent with the applicable legal principles; the court did not abuse its discretion in denying Mr. Mason's motion.

In light of our disposition of this issue, it is not necessary to reach the questions of whether the retirement account statement relied upon by Mr. Mason was inadmissible hearsay or inadmissible under Tenn. R. Evid. 408 and Tennessee Supreme Court Rule 31(7).

B. Ms. Mason's Request for Counsel Fees

Ms. Mason seeks to be awarded her attorney's fees at the trial level and on appeal, basing her request on certain language in the MDA. She acknowledges that the trial court did not rule on her motion and requests that, if this court finds the trial court "properly denied" her motion, that the case be remanded for a determination of her request.

Inasmuch as the trial court did not rule on Ms. Mason's request for an award of fees,[4] we have no order or record to review and, consequently, cannot determine whether the trial court erred.

Ms. Mason bases her request for an award of fees for this appeal on paragraph 22 of the MDA. We have not, however, determined in this appeal any issue specific to the MDA; rather our determination is with respect to the trial court's ruling on Mr. Mason's Rule 60 motion relative to the Final Decree. An award of fees, consequently, is not appropriate.

---

[4] Ms. Mason's request for an award of fees was not made by motion or application but was contained in her response to Mr. Mason's Rule 60 motion; the request references paragraph 22 of the MDA as authority for the award.

## III. Conclusion

For the foregoing reasons, the judgment of the Chancery Court is affirmed.

Costs are assessed to Mr. Mason.

_____
RICHARD H. DINKINS, JUDGE