Dewey Stanley HOPKINS, Petitioner,

v.

Mary Holloway HOPKINS, Respondent.

Supreme Court of Tennessee.

Oct. 30, 1978.

Jack F. Marlow, Memphis, for petitioner.

Warren Miller, Memphis, for respondent.

## OPINION

FONES, Justice.

The issue in this divorce case is the availability of relief under T.R.C.P. 60.02, to correct a final decree where wife claims she was awarded husband's interest in real property and a 1972 Ford station wagon at the hearing, but the final decree failed to mention said award. The trial judge denied relief, the Court of Appeals reversed and remanded for a further hearing, one member dissenting.

The complaint filed on September 18, 1975, sought an absolute divorce, alimony, attorney's fees and court costs. Defendant was personally served with process and upon failure to answer, a default judgment was entered against him.

The case was heard on March 9, 1976, and a final decree of divorce entered on March 25, 1976. That decree granted plaintiff an absolute divorce and required defendant to pay $350.00 attorney's fees, but contained no reference to alimony or divestiture and vestiture of property, real or personal.

On May 13, 1976, more than thirty (30) days after entry of final decree, plaintiff filed a petition to amend final decree, alleging that at the hearing on March 9, the trial judge had awarded to her, as alimony, defendant's interest in the real property at 642 South Graham Street, Memphis, Tennessee, and a 1972 Ford station wagon, and that the court's "blotter" contained notations to that effect. The only additional facts alleged are as follows:

"That on March 25, 1976, a Final Decree of Divorce was entered in this cause; that same grants the divorce and awards an attorney fee of $350.00 against the Defendant, although same was not mentioned at the hearing; that the Decree failed to provide for the divesting and vesting of real and personal property . . . ."

The relief sought was amendment of the final decree of March 25, 1976, to divest husband's interest in the real property and automobile or in the alternative grant a new trial.

Husband filed a response to wife's petition contesting her right to the relief sought and affirmatively alleging that an oral agreement existed between them throughout the pendency of the divorce, that the equity in the real property would be divided equally.

Although the petition makes no reference to T.R.C.P. 60, it is apparent from the meager facts alleged that relief could only be granted under the terms of T.R.C.P. 60.-02(1) predicated upon "mistake, inadvertence, surprise or excusable neglect."

■ Where the extraordinary relief provided in T.R.C.P. 60.02(1) is sought, the burden is upon movant to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect. See, e. g. *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969); *Hulson v. Atchison T. & S. F. Ry.*, 289 F.2d 726 (7th Cir. 1961); *Smith v. Kincaid*, 249 F.2d 243 (6th Cir. 1957); *Federal Deposit Ins. Corp. v. Alker*, 234 F.2d 113 (3rd Cir. 1956); and *Petition of Pui Lan Yee*, 20 F.R.D. 399 (N.D.Cal.1957).

■ The rule expressly provides that the procedure for obtaining relief from a judgment shall be "by motion as prescribed in these rules or by an independent action." Here, wife filed a motion in the divorce action wherein final decree was entered on March 25, 1976. T.R.C.P. 7.02 requires that motions shall be made in writing and "shall state with particularity the grounds therefor." T.R.C.P. 9.02 dealing with pleading special matters requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. We regard these rules requiring particularity of pleading to be mandatory as a prerequisite to invoking the jurisdiction of the trial judge to exercise his discretion in granting or refusing the extraordinary relief of disturbing the finality of a judgment on any of the grounds authorized in T.R.C.P. 60.02(1).

■ The technical record in this case contains the final decree entered on March 25, 1976. The signature of the attorney that represented wife at that time appears on the face of the decree, indicating that it was submitted and approved for entry by him. All that was said in the petition for relief from that decree filed by a subsequently employed attorney, is that the decree "failed to provide for the divesting and vesting of real and personal property." The circumstances obviously required an explanation and justification for failing to include in a final decree presented sixteen (16) days after the hearing, vestiture of property alleged to have been awarded her, and for failing to discover that omission within the thirty (30) days following entry of the decree, during which time the trial judge retained control thereof.

In the pleading filed and at the hearing had thereon, no offer of proof was made to show facts and circumstances that justify invocation of the extraordinary relief of setting aside a final judgment. See *Hoffman v. Celebrezze, supra*, and *Smith v. Kincaid, supra*.

■ Having found that plaintiff did not plead and prove a state of facts upon which

the trial judge could have exercised the discretionary power vested in him to grant relief from a final judgment, we deem it unnecessary to discuss the grounds upon which he denied the application or the grounds upon which the Court of Appeals reversed. Suffice it to say that this Court will affirm a decree of the trial court correct in result, though rendered upon different, incomplete or erroneous grounds. *Shutt v. Blount*, 194 Tenn. 1, 8, 249 S.W.2d 904 (1952); *Hobson v. Hobson*, 184 Tenn. 484, 496, 201 S.W.2d 659 (1947); *Sheafer v. Mitchell*, 109 Tenn. 181, 71 S.W. 86 (1902); and *Chambers v. Chambers*, 92 Tenn. 707, 23 S.W. 67 (1893).

The judgment of the Court of Appeals is reversed and that of the trial court affirmed. Costs are adjudged against Mary Holloway Hopkins.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.