Harry L. BROWN and wife, Sherry Brown, Plaintiffs-Appellees,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

July 22, 1981.

Permission to Appeal Denied by Supreme Court Sept. 21, 1981.

Alan D. Brewer, with Anderson, Cleary & Cooper, Chattanooga, for defendant-appellant.

Richard B. Teeter, with Taylor & Teeter, Chattanooga, for plaintiffs-appellees.

## OPINION

SANDERS, Judge.

The Defendant has appealed from a chancery decree granting a motion under Rule 60, T.R.C.P., and amending a final decree requiring payment of prejudgment interest.

The Plaintiffs-Appellees, Harry L. Brown and wife, Sherry Brown, sued the Defendant-Appellant, Prudential Property and Casualty Insurance Company, for $35,000. The complaint alleges the Defendant had issued a homeowner's insurance policy on their residence for the sum of $35,000 and it was totally destroyed by fire. The Defendant, in its answer, admitted the issuance of the policy but denied the fire totally destroyed the building. It insisted the property could be repaired for $27,719.58.

Upon the trial of the case the court found the Plaintiffs' damages to be $33,600.29 and entered a decree to this effect on May 29, 1980.

On July 14 the Plaintiffs filed the following motion: "Come Harry L. Brown, et ux, pursuant to T.R.C.P. 60.02, and move the Court to require Prudential to pay interest on the principal amount of $33,600.29 heretofore adjudged by this Court from sixty (60) days after the fire loss to the date the judgment was filed on April 23, 1980." No proof was offered by the Plaintiffs in support of their motion. Prejudgment interest was not sued for by the Plaintiffs nor had it been an issue in the trial of the case. The only thing filed by the Plaintiffs was a brief in support of the proposition that under circumstances where insurance proceeds can be treated as liquidated damages the plaintiff is entitled to prejudgment interest under T.C.A. § 47–14–107.

In sustaining the Plaintiffs' motion the court did not make a finding of fact but entered the following order:

"This matter came to be heard on the 11th day of August, 1980, on Plaintiffs' Motion for Interest and Brief In Support of Motion for Interest, and the argument of Counsel for both parties; from all of which it

"APPEARED to the Court that Plaintiffs were entitled to the relief requested under T.R.C.P. 60.02(1) by reason of excusable neglect and under T.R.C.P. 60.02(5) in accordance with the case and statutory law of Tennessee as set forth in the Brief attached to the Motion; it is therefore,

"ORDERED that Plaintiffs have judgment against the Defendant for interest on the prior judgment amount of $33,600.29, at the legal rate of interest, from sixty (60) days after the fire loss on April 30, 1976, through the date of April 23, 1980, as requested in the Motion, a sum of $8,326.08, Defendant to pay any costs incurred with the filing of the Motion for Interest and this Order."

The Defendant has appealed from the order of the court sustaining the Rule 60 motion and awarding an additional judgment against it for $8,326.08 as prejudgment interest.

The first issue presented by the Defendant is:

"Whether the chancellor erred in granting relief from a valid judgment pursuant to Rule 60–02(1) and 60–02(5) of the Tennessee Rules of Civil Procedure, to include interest after the amount of judgment has become final; when interest on the amount of loss was never prayed for in the pleadings or any action taken to include interest until after the judgment became final."

We think the court was in error. It appears from reading the court's order that he was mistakenly led to believe the judgment for an award of insurance proceeds was liquidated damages and prejudgment interest was mandatory under T.C.A. § 47–14–107 as it was codified in the Code at the time suit was filed. A review of the record reveals that the pleadings of the Plaintiffs did not support, nor is there a scintilla of evidence to support, the court's findings that the Plaintiffs "were entitled to relief requested under T.R.C.P. 60.02(1) by reason of excusable neglect and under T.R.C.P. 60.02(5)." We hold this case is controlled by the case of *Hopkins v. Hopkins*, Tenn., 572 S.W.2d 639 (1978). In that case the wife sued her husband for a divorce, alimony and attorney's fees. The final decree, as entered, granted the wife a divorce and directed the husband to pay attorney's fees. The decree did not provide for alimony. Sixteen days after the decree became final the wife filed a motion which the court treated as a Rule 60.02, T.R.C.P., motion, seeking to correct the final decree, claiming she was awarded the husband's interest in the residence and a Ford station wagon. The trial court denied the motion and the court of appeals reversed. The Supreme Court granted certiorari and reversed the Court of Appeals. The Court, speaking through Justice Fones, said:

"Where the extraordinary relief provided in T.R.C.P. 60.02(1) is sought, the burden is upon movant to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect. See, e.g. *Hoffman v. Celebrezze*,

405 F.2d 833 (8th Cir. 1969); *Hulson v. Atchison T. & S. F. Ry.*, 289 F.2d 726 (7th Cir. 1961); *Smith v. Kincaid*, 249 F.2d 243 (6th Cir. 1957); *Federal Deposit Ins. Corp. v. Alker*, 234 F.2d 113 (3rd Cir. 1956); and *Petition of Pui Lan Yee*, 20 F.R.D. 399 (N.D.Cal.1957)."

\* \* \* \* \* \*

"Here, wife filed a motion in the divorce action wherein final decree was entered on March 25, 1976. T.R.C.P. 7.02 requires that motions shall be made in writing and 'shall state with particularity the grounds therefor.' T.R.C.P. 9.02 dealing with pleading special matters requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. We regard these rules requiring particularity of pleading to be mandatory as a prerequisite to invoking the jurisdiction of the trial judge to exercise his discretion in granting or refusing the extraordinary relief of disturbing the finality of a judgment on any of the grounds authorized in T.R.C.P. 60.02(1)."

\* \* \* \* \* \*

"All that was said in the petition for relief from that decree filed by a subsequently employed attorney, is that the decree 'failed to provide for the divesting and vesting of real and personal property.' The circumstances obviously required an explanation and justification for failing to include in a final decree presented sixteen (16) days after the hearing, vestiture of property alleged to have been awarded her, and for failing to discover that omission within the thirty (30) days following entry of the decree, during which time the trial judge retained control thereof.

"In the pleading filed and at the hearing had thereon, no offer of proof was made to show facts and circumstances that justify invocation of the extraordinary relief of setting aside a final judgment. See *Hoffman v. Celebrezze, supra,* and *Smith v. Kincaid, supra.*"

The chancellor did not indicate on what he based his finding that the Plaintiffs were entitled to relief under T.R.C.P. 60.-02(5) but, whatever they may have been, we construe the reasoning in *Hopkins* to be as applicable to "any other reason justifying relief" as it is to "mistake, inadvertence, surprise or neglect." Also, in the case of *Jerkins v. McKinney*, Tenn., 533 S.W.2d 275 (1976) our Supreme Court, in addressing Rule 60.02(5), said at 280:

> "Nor are we concerned with Rule 60.-02(5), which provides relief for 'any other reason', since this section is designed to meet unique or exceptional or extraordinary circumstances. *Ackermann v. U. S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)."

We hold the Plaintiffs failed to meet the mandate of the *Hopkins* court for relief sought under T.R.C.P. 60.02(1) or (5) and the court was in error in granting the motion and entering judgment against the Defendant for prejudgment interest.

The decree of the trial court in so doing is reversed and the Plaintiffs' motion is dismissed. The cost of this appeal is taxed to the Appellees.

PARROTT, P. J., and GODDARD, J., concur.