IN THE COURT OF APPEALS

FILED

May 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

ROBIN LETHCO and husband,       )       BLOUNT CIRCUIT
MARK LETHCO,                     )       C. A.  NO.  03A01-9610-CV-00340
                                )
                                )
         Plaintiffs-Appellants  )
                                )
                                )
                                )
                                )
                                )
vs.                             )       HON.  DALE  YOUNG
                                )       JUDGE
                                )
                                )
                                )
                                )
                                )
JOHN HUFFMAN,  M.D.,            )       AFFIRMED AND REMANDED
                                )
         Defendant-Appellee     )


ROGER L. GILBERT, Gilbert and Faulkner, Knoxville, for Appellants.


D. MICHAEL SWINEY and WYNN C. HALL, Paine, Swiney and Tarwater, Knoxville, for Appellee.


O P I N I O N


                                        McMurray, J.

The sole issue on this appeal, as stated by the appellant, is whether the trial court erred in dismissing this action on motion for summary judgment. More properly stated, the issue is whether or not the trial court abused its discretion by denying a motion for a continuance of the hearing for summary judgment or alternatively whether the trial court abused its discretion in denying the plaintiffs relief from the summary judgment. We find no error on the part of the trial court and accordingly affirm the judgment.

This is a medical malpractice action. The plaintiffs filed their original complaint in the Circuit Court for Blount County on April 22, 1994. The original complaint was dismissed by the trial court, without prejudice, for failure of the plaintiffs to timely respond to discovery requests.

The present action was filed February 7, 1996. The defendant filed his answer on July 27, 1996, followed by a motion for summary judgment filed July 3, 1996. Defendant's motion for summary judgment was supported by the affidavit of the defendant, John Huffman, M.D.

Our Supreme Court has clearly enunciated the rule relating to the granting of summary judgment as follows:

3

> [T]he cases make clear that the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law. (Citations omitted). Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. (Citations omitted). In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him" Rule 56.05.

Byrd v. Hall, 847 S.W.2d 208.

Suffice it to say that the affidavit of Dr. Huffman was sufficient to demonstrate that, absent countervailing evidence, he was entitled to judgment as a matter of law. Thus, the burden of demonstrating that a genuine issue of material fact existed fell upon the plaintiffs.

Defendant's motion for summary judgment was heard by the court on August 12, 1996, at which time, the plaintiffs had failed to produce any expert countervailing evidence to dispute the affidavit of the defendant, John Huffman, M.D. Prior the hearing on the motion for summary judgment, the plaintiffs orally moved the court for a continuance to allow them to file a counter affidavit of one Herbert J. Dietrich, Jr., M.D. The court denied the motion and

4

summary judgment was granted to the defendant.[1] Thereafter, the plaintiffs filed a motion "under the provisions of Rules 59 and 60 T.R.C.P.," asking the court to alter or set aside the previous order granting summary judgment to the defendant. Filed simultaneously with the motion were the affidavits of the plaintiff, Robin Lethco and Dr. Herbert Dietrich, a physician licensed and practicing the same specialty as that of the defendant in the State of Georgia.[2] The motion was denied. This appeal resulted.[3]

To put the case in proper perspective, it is necessary to detail some of the history of the case. As earlier noted, the original action was filed April 22, 1994. The original complaint was dismissed by the trial court, without prejudice, for failure of the plaintiffs to timely respond to discovery requests. Plaintiffs' responses to interrogatories filed in the original action identified Dr. Herbert J. Dietrich, Jr., as a physician who would state "[t]hat the defendant, Dr. Huffman, was negligent in failing to discover and treat the plaintiff's condition when he examined her." The interrogatories were attested by the plaintiffs on

[1]The record before us does not contain a transcript of either the hearing on the motion for a continuance or the summary judgment.

[2]There is no question but that there would have been a genuine issue of a material fact had these affidavits been before the court at the time the motion for summary judgment was heard.

[3]We note that in their brief, the appellants charge the trial judge with acting in **bad faith** without exercising any discretion in granting defendant's motion. We believe that such an assertion, absent any supporting evidence in the record whatsoever is beneath the dignity of an officer of the court and that such allegations should not lightly be made.

5

February 14, 1995, some 18 months before the hearing on the motion for summary judgment.

The plaintiffs now argue that their failure to produce the affidavit of Dr. Detrich was beyond their control. Specifically they state in their brief that "[p]rior to the motion hearing date of August 12, 1996, plaintiffs' attorney had prepared and sent to plaintiff and her expert medical witness affidavits. As of the date of the hearing, plaintiff had not received the executed affidavit of the expert because of unforeseen delays in transmittal which could not be controlled by the plaintiff." We are of the opinion that such a vague argument is totally insufficient to warrant a continuance of the summary judgment by the trial court.

The matter of granting a continuance is in the sound discretion of the trial judge and we will not reverse unless there is a clear showing of abuse. Morrow v. Drumwright, 202 Tenn. 307, 304 S.W.2d 313 (1957); Kerney v. Cobb, 658 S.W.2d 128 (Tenn. App. 1983). There is nothing in the record to suggest that the trial court abused his discretion in denying the continuance.

As to the plaintiffs' motion for relief under the provisions of Rule 59 and Rule 60, T.R.C.P., the grounds stated for relief are again the vague assertion that the "affidavit of plaintiff's [sic]

6

expert witness had not been returned to plaintiff's [sic] counsel due to unforeseeable transmittal delays."

> Judgments of Courts of record are not to be lightly changed, altered, amended or set aside, but only done upon very clear, convincing, cogent evidence that a true injustice has been done to the complaining party and that the complaining party is in no wise responsible, or termed in another way, negligent in protecting that party's interest.
>
> Rule 60.02 permits the court to relieve a party or his legal representative from a final judgment, order or proceeding due to a mistake, inadvertence, surprise or excusable neglect. The burden is upon the movant to set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect. Hopkins v. Hopkins, 572 S.W.2d 639 (Tenn.1978). ... .

Tennessee State Bank v. Lay, 609 S.W.2d 525 (Tenn. App. 1980).

We are of the opinion that the nebulous references to "unforeseeable transmittal delays" without more is totally insufficient to warrant the relief sought by the plaintiffs. Further, since the plaintiffs had more than ample time to obtain the affidavit of their expert, it cannot be said that the plaintiffs were in no way responsible for the failure to present timely countervailing evidence in response to the motion for summary judgment. We find no abuse of discretion on the part of the trial court.

7

We affirm the judgment of the trial court in all respects. Costs are taxed to the appellants and this case is remanded to the trial court.

_____
Don T. McMurray, Judge


CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Herschel P. Franks, Judge

# IN THE COURT OF APPEALS

| | | |
|---|---|---|
| ROBIN LETHCO and husband,<br>MARK LETHCO, | ) | BLOUNT CIRCUIT<br>C. A. NO. 03A01-9610-CV-00340 |
| | ) | |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. DALE YOUNG<br>JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| JOHN HUFFMAN, M.D., | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellee | ) | |

## JUDGMENT

This appeal came on to be heard upon the record from the Circuit Court of Blount County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. Costs are taxed to the appellants and this case is remanded to the trial court.

PER CURI AM