# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
On-Briefs November 7, 2002

## STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES v. SARAH OWENS, ET AL.
### IN THE MATTER OF S. L. O.

### A Direct Appeal from the Circuit Court for Haywood County
### No. 3533     The Honorable Clayburn L. Peeples, Judge

### No. W2002-00905-COA-R3-CV - Filed December 31, 2002

Petitioners filed a petition to intervene and for temporary custody in a dependent and neglect proceeding filed against the adoptive parents of the subject child. Pursuant to a later filed petition to terminate the parental rights of the adoptive parents, the juvenile court entered an order terminating the parental rights. The court then ruled that the petition to intervene and temporary custody was moot on the basis that juvenile court lacked jurisdiction over the dispute because of the previous order terminating the parental rights of the child's adoptive parents and granting guardianship of the child to the state. The petitioners appealed to the circuit court for a trial *de novo*, and the circuit court subsequently dismissed the appeal for lack of jurisdiction. Petitioners appeal. We affirm the circuit court's finding that it lacked jurisdiction to hear the appeal but amend the order of the trial court to transfer the case to the Court of Appeals rather than dismissal.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed As Modified

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

James S. Haywood, Jr., Brownsville, For Appellants, Frank A. Maddox and Burnett Maddox

Paul G. Summers, Attorney General and Reporter, Dianne Stamey Dycus, Deputy Attorney General, Nashville, for Appellee, Tennessee Department of Children's Services

#### OPINION

Petitioners filed a Petition to Intervene and for Temporary Custody in a dependent and neglect proceeding. Appeals in dependent and neglect proceedings in the juvenile court are made to the circuit court for a trial *de novo*. T.C.A. § 37-1-159(a) (2001). "Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure." T.C.A. § 37-1-159(g) (2001). All other civil matters include termination of parental rights cases.

This case involves a custody dispute over a dependent and neglected minor child. The minor child in this case, S.L.O., was born on March 3, 1994 in Gary, Indiana. At the time of this appeal, S.L.O. was eight years old. S.L.O. was adopted by Johnny and Sarah Owens. In addition to S.L.O., the Owenses were in the process of adopting seven other children, natural siblings of S.L.O., all of whom lived at the Owenses' residence as foster children. In December of 1999, S.L.O. was removed from the Owenses' home after allegations were made that Johnny and Sarah Owens had committed severe physical abuse[1] against the minor child. On December 8, 1999, the State of Tennessee, Department of Children's Services ("State"), placed S.L.O. in a foster home where she remains. As part of its pleadings, the State noted that S.L.O.'s current foster parents have expressed an interest in adopting the minor child.[2]

Petitioner Burnett Maddox is the natural sibling of Johnny Owens, and the paternal aunt of S.L.O. Burnett and her husband Frank ("Maddoxes") are the adoptive parents of S.L.O.'s seven siblings, having adopted the children after their removal from the Owenses' home in 1999.[3] Unlike with the other siblings, the Maddoxes have never had physical custody of S.L.O.

Citing Burnett Maddox's relation to Johnny Owens, petitioners appear to suggest that they should have been given preference, as relatives, in providing a foster home for S.L.O. Despite this preference, petitioners assert that they were never notified by the State that S.L.O. had been placed into foster care after the abuse allegations surfaced. When questioned by the circuit court as to why S.L.O. was not placed in the Maddox home, Leann Rial ("Rial"), Assistant General Counsel with the Department of Children's Services, explained:

> At the time of the removal, we always ask for relatives because we do like to place children with relatives first rather than putting them in a foster home. The Owenses, throughout the removal process and even up until the termination of their parental rights, were less than cooperative and less than candid with the State. They never told us about the Maddoxes or their existence. They never gave us any relatives' names to place them with.

On May 2, 2001, the Maddoxes filed a Petition to Intervene and for Temporary Custody in the Juvenile Court of Haywood County, Tennessee, seeking "both permanent and temporary custody"

---

[1] Johnny and Sarah Owens were ultimately charged and convicted of aggravated child abuse.

[2] In its brief to this court, the State asserts that S.L.O.'s current foster parents have first preference to adopt because S.L.O. had been in the foster home for more than 12 months prior to the filing of the Maddoxes' custody petition.

[3] When questioned by the circuit court as to when the State of Tennessee placed S.L.O.'s siblings with the Maddoxes, State's counsel informed the court that these children were not placed with petitioners by the State of Tennessee, but rather were returned to the care of the State of Indiana. Counsel noted that unlike S.L.O., these children were returned to Indiana because they had not yet been adopted by the Owenses. According to counsel, the State of Indiana placed the siblings with the Maddoxes in December of 1999.

of minor foster child, S.L.O.[4]  The Maddoxes' petition for custody of S.L.O. was premised on their belief that:

> [I]t is in the manifest best interest for this child as well as her brothers and sisters that the court allow Frank A. Maddox and Burnett Maddox to intervene and have custody, both permanent and temporary, of said minor child.

In June, 2001, in response to the Aggravated Child Abuse charges and convictions levied against the Owenses, the State filed a petition to terminate the parental rights of Johnny and Sarah Owens as to S.L.O.[5]  A hearing on the State's termination petition was held on August 22, 2001.  In an Order filed September 5, 2001, the juvenile court terminated the parental rights of the adoptive parents and further provided:

> 3. That the State of Tennessee, Department of Children's Services, be and is hereby awarded complete and full guardianship of [S.L.O.], DOB: 03/03/94, as defined by T.C.A. § 6-1-102(22), with the authority to place the child for adoption and to consent to her adoption in loco parentis.
>
> 4. That this Order remain in effect pending further Orders of this Court.

Minutes after the August 22, 2001 hearing on the State's termination petition, a hearing was held to consider the Maddoxes' Petition to Intervene and for Temporary Custody.  In an Order filed October 9, 2001, the juvenile court denied the petition, ruling that it did not have jurisdiction to consider the petition on the basis that the court's Order of September 5, 2001, terminating the Owenses' parental rights and granting full guardianship of S.L.O. to the State, rendered the petition moot.  In denying the Maddoxes' petition, the court ruled that it was not in the best interests of S.L.O. to grant custody to petitioners.  We quote the court's Order in its entirety:

> This cause came on to be heard on the 22nd day of August, 2001, upon petition of Frank and Burnett Maddox for custody of [S.L.O.], answer of the State of Tennessee, testimony of witnesses and the record in this cause from which the court finds:

---

[4] The Maddoxes later amended this petition to add Johnny and Sarah Owens as petitioners, "for the purpose of stating that [Johnny and Sarah Owens] felt it to be in the best interest of [S.L.O.] to be with the Maddox family."

[5] According to petitioners' Memorandum of Law, filed in response to the State's Motion to Dismiss, "[t]he putative father registry maintained by the State of Tennessee, Department of Children's Services was consulted within 3 business days of the filing of the State's Petition to Terminate Parental Rights and no one was listed as claiming paternity of [S.L.O.]."  Neither Johnny or Sarah Owens contested the State's petition to terminate their parental rights.

The court's order of September 5, 2001, giving the State of Tennessee full guardianship renders the present petition moot as the court no longer has jurisdiction. The petition is therefore denied.

In the interest of justice the court will rule on the merits in the event the court is in error on the jurisdiction issue.

The court having given full consideration of all relevant factors and statutory presumptions has determined it would not be in the child's best interest to grant custody to the Maddoxes.

IT IS THEREFORE ORDERED the petition of Frank and Burnett Maddox is hereby denied.

Petitioners filed a Notice of Appeal to the circuit court on October 18, 2001 and served a copy on the circuit court clerk. Soon thereafter, the State filed a Motion to Dismiss for Lack of Jurisdiction. As basis for this motion, the State asserted that the juvenile court "lost jurisdiction to hear the Maddox's Petition to Intervene and for Custody" upon the court's termination of the Owenses' parental rights. The State further cited T.C.A. § 36-1-113(n) as support for a finding that the Maddoxes' petition "became superceded and moot" upon entry of the September 5 Order of the juvenile court terminating the Owenses' parental rights, and that "pursuant to T.C.A. § 36-1-113(n), an order of guardianship supercedes prior orders of custody."

A hearing on the Maddoxes' appeal of the juvenile court's decision denying the custody petition pursuant to the court's October 9, 2001 Order, and the State's subsequent Motion to Dismiss, was held on March 18, 2002. In an Order filed April 17, 2002, the circuit court granted the State's Motion to Dismiss for Lack of Jurisdiction. We recite the Court's Order in full:

This cause came on to be heard on the 18th day of March, 2002, with all parties properly served and before the court, upon Intervening Petitioner's appeal of the Haywood County Juvenile Court decision to deny their Intervening Petition for Custody for the reasons stated in the Juvenile Court Order entered for record on October 9, 2001 and upon the State of Tennessee, Department of Children's Services Motion to Dismiss Intervening Petitioner's appeal for Lack of Jurisdiction, upon arguments of parties and the entire record in the cause, from all of which the Court finds that the State's Motion to Dismiss shall be granted for the causes stated therein.

Petitioners filed this appeal, presenting as the sole issue for review the question of whether the circuit court erred in dismissing their appeal of the juvenile court's decision that "[t]he courts' order of September 5, 2001, giving the State of Tennessee full guardianship renders the present petition moot as the court no longer has jurisdiction."

While the instant case started as a dependent and neglect proceeding, it became a termination of parental rights which resulted in the final judgment. The petitioners' petition to intervene was still pending in the cause when the petition for termination of parental rights was filed. Thus, it became a part of that proceeding, and the juvenile court so considered it. Accordingly, the circuit court is correct in its determination that it lacked appellate jurisdiction to review the juvenile court's decision but made the determination for the wrong reason. This Court can affirm a decree correct in result but rendered upon erroneous grounds. *See Hopkins v. Hopkins*, 572 S.W.2d 639 (Tenn. 1978); *Wood v. Parker*, 901 S.W.2d 374 (Tenn. Ct. App. 1995). Therefore, we affirm the order of the trial court that it lacks appellate jurisdiction. However, the trial court erred by dismissing the appeal. When a case has been appealed to the wrong appellate court, it may be transferred to the court having jurisdiction thereof. *See* T.C.A. § 16-4-108(a)(2) (1994). In *In Re Estate of White*, 77 S.W.3d 765 (Tenn. Ct. App. 2001), this Court determined that the chancery court, when it concluded that it lacked subject matter jurisdiction to review a probate court decision, was required to transfer the appeal to the Court of Appeals rather than dismissing that portion of the petition seeking an appellate remedy. *Id*. at 769. In so doing, the Court said:

> When a case has been appealed to the wrong appellate court, Tenn. Code Ann. § 16-4-108(a)(2) provides that it should be "transferred to the court having jurisdiction thereof." Relying on this statute, the Tennessee Supreme Court vacated a judgment affirming a circuit court's dismissal of an appeal from a probate court and then remanded the case with directions that it be transferred to this court. *In re Estate of Williams*, Madison Law (Order granting Tenn. R. App. P. 11 application and amending judgment) (Tenn. Nov. 18, 1985). Accordingly, on remand, the trial court is directed to enter an order transferring Ms. White's petition for appellate review to this court for further proceedings.

*Id*. at 769.

Accordingly, we affirm the order of the circuit court to the extent that it holds that the court has no jurisdiction to hear the appeal from the juvenile court but amend the order to provide that the appeal be transferred to the Court of Appeals for processing and disposition. The date of the filing of this order shall be considered the date of the filing of an amended Notice of Appeal and the appeal, including all time requirements, will be governed by the Rules of Appellate Procedure. Costs of the proceeding to this point shall abide the final determination on appeal pursuant to the rules.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.