IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2002 Session

## NANNIE SNEED v. THE ESTATE OF MARIE BRIGHT WITHERSPOON, DECEASED, JAMES MORTON, SENIOR, ET AL.

**Direct Appeal from the Probate Court for Rutherford County**
**No Trial Court Number, Honorable David Loughry, Judge**

_____

**No. M2002-00237-COA-R3-CV - Filed April 28, 2003**

_____

This appeal involves a claim filed against an estate for personal services rendered to a decedent. The lower court granted the estate's motion to dismiss, finding that the claim was time barred, the claimant had received compensation for her services, and there was no evidence of "fraud, tort, deceit, or concealment." The parties raise multiple issues on appeal. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Brian O. Bowhan, Nashville, TN, for Appellant

Josh A. McCreary, Murfreesboro, TN, for Appellee

#### OPINION

#### Facts and Procedural History

Nannie Sneed ("Ms. Sneed") and Marie Bright Witherspoon ("Ms. Witherspoon" or "Decedent") were long-time friends and neighbors, their relationship spanning some thirty years. Beginning in October 1994, Ms. Sneed agreed to help care for Ms. Witherspoon for $250.00 per month. Ms. Sneed was also allowed to live in one side of a nearby duplex owned by Decedent for $250.00 per month in rent. At some later point, the compensation of $250.00 per month was reduced to $200.00 per month and Ms. Sneed was permitted to live in both sides of the duplex with no increase in rent.

From 1994 until Decedent's death on December 9, 2000, Ms. Sneed assisted the Decedent with various household tasks. The apparent agreement between the parties was that Ms. Sneed

would receive $250 per month, subsequently reduced to $200 per month, and occupy the duplex at a reduced rate in exchange for assisting Decedent. As further compensation, Ms. Sneed was under the impression that she was to receive the duplex she was staying in upon Decedent's death. Ms. Sneed testified, however, that there was never a written contract to convey the house. In support of her assertion that she was to receive the house, Ms. Sneed offered the testimony of Ms. Pearlie Martin who testified that the Decedent told her that Ms. Sneed was to receive the house. Ms. Sneed also offered the testimony of Ms. Carnell Bingham, who testified that Ms. Witherspoon told her that Ms. Sneed "was going to get that house when she's gone, and Nannie [sic] don't have anything to worry about."

In accordance with Tennessee Code Annotated section 30-2-306(a), notice to creditors was published in The Daily News Journal beginning on December 28, 2000. Ms. Sneed also testified that she was aware that Ms. Witherspoon had died, that Grace Witherspoon had became executrix of the estate and that the estate was open in Rutherford County.

After Decedent's death, Ms. Sneed noticed a "for sale" sign in front of the duplex. Concerned that the duplex would not go to her, Ms. Sneed called Ms. Grace Witherspoon, an executrix of the estate. The sign was temporarily removed after Ms. Sneed's call, but the duplex was eventually sold.

Ms. Sneed filed her first claim against the Estate for $189,106.00 plus interest on August 17, 2001. Because the duplex had already been sold, Ms. Sneed asked for money damages to represent the "reasonable value of services rendered." This claim was dismissed on October 22, 2001 by Order of the Probate Court. The dismissal was based on the court's finding that Ms. Sneed had not filed her claim within the time period prescribed by Tennessee Code Annotated sections 30-2-306 and 30-2-307. This claim is not now before this court as no appeal was taken.

Ms. Sneed filed her second claim based upon the same set of facts on November 14, 2001. Ms. Sneed alleged tort and fraud and further alleged that there was a contract to deed a house at death. Ms. Sneed again believed she was entitled to an amount of money for "reasonable value of services."

A hearing was held on the second claim on December 19, 2001. At the close of Ms. Sneed's proof, the lower court granted the Estate's Motion to Dismiss, dismissing the claim with prejudice. The court found that Ms. Sneed did not timely file her claim pursuant to Tennessee Code Annotated sections 30-2-306 and 30-2-307. The court further found the $250.00 per month, which was subsequently reduced to $200.00 per month, and the ability to occupy the duplex at a reduced rent were both compensation for the services rendered by Ms. Sneed. The court also held that there was no evidence of deceit, concealment, fraud or tort, that there was no written document evidencing a contract to convey real property, and that there was no evidence of any agreement whereby Ms. Sneed was to receive anything at Decedent's death. Ms. Sneed now appeals the decision of the lower court and raises the following issues.

**Issues**

I.      Whether Ms. Sneed received sufficient notice of the administration of the estate under Tennessee Code Annotated sections 30-2-306 and 30-2-307 such that her claim should have been time barred.

II.     Whether the promise made by Decedent to convey the duplex to Ms. Sneed was enforceable.

III.    Whether Ms. Sneed is entitled to money damages due to the fact that the duplex had been sold.

IV.     If entitled to money damages, what should the measure of such damages be.

**Standard of Review**

We review the trial court's conclusions of law "'under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts.'" Kendrick v. Shoemake, No. E2000-01318-SC-R11-CV, 2002 Tenn. LEXIS 489, at *6 (Tenn. Nov. 1, 2002) (citing S. Constructors, Inc. v. Loudon County Bd. of Educ., 58 S.W.3d 706, 710 (Tenn. 2001)). With respect to the trial court's findings of fact, our review is *de novo* upon the trial court's record, accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. TENN. R. APP. P. 13(d).

**Law and Analysis**

In her first argument, Ms. Sneed asserts that neither of her claims should have been time barred because she did not receive sufficient notice under Tennessee Code Annotated section 30-2-306. Specifically, Ms. Sneed asserts that she was a known creditor within the meaning of Tennessee Code Annotated section 30-2-306(e). Ms. Sneed further asserts that as a known creditor she was entitled to actual notice of the administration of the estate and because she did not receive such notice, she is automatically entitled to file her claim within one year from the date of Decedent's death. Thus, Ms. Sneed claims that neither her first claim, filed on August 17, 2001, nor her second claim, filed on November 14, 2001, should be time barred.

We will not address any arguments regarding Ms. Sneed's first claim as no appeal was filed and it is thus not before this Court. As to Ms. Sneed's argument that her second claim should not be time barred because of her status as an known creditor, Ms. Sneed raises this issue for the first time on appeal. The "burden of proof on any issue as to whether a creditor was known to or reasonably ascertainable by the personal representative . . . shall be upon the creditor claiming entitlement to such actual notice." TENN. CODE ANN. §30-2-307(a)(2); see also 2-11 PRITCHARD ON THE LAW OF WILLS AND ADMINISTRATION OF ESTATES § 786. In the case *sub judice*, Ms. Sneed filed

her claim outside the four month period prescribed in Tennessee Code Annotated section 30-2-306©) and did not allege at any point during trial that she was a known creditor entitled to actual notice. "Since this issue was not raised in the trial court it cannot be raised for the first time on appeal." Cobble v. Cobble, 790 S.W.2d 279, 283 (Tenn. Ct. App. 1989) (citing Moran v. City of Knoxville, 600 S.W.2d 725 (Tenn. Ct. App. 1979) and cases cited therein).

Because the claim was not timely filed, the trial court should not have entertained the claim. With no explanation in the record, we can only surmise why the trial court conducted a hearing on the matter. In her claim, field November 17, 2001, Ms. Sneed alleged that she was entitled to $189,106.00 based upon a contract to deed house at death and also alleged fraud and tort. We presume that the trial court proceeded with this matter due to the broad allegation of fraud. At the conclusion of the proof, the trial court found that there was "no evidence presented of fraud, tort, deceit, or concealment as alleged in the November 14, 2001 claim." We find that the evidence does not preponderate against this finding. Because the claim was not timely filed and there was no evidence of fraud, the trial court correctly dismissed Ms. Sneed's claim.

Despite hearing the late-filed claim, the trial court's finding that the case should be dismissed is the correct result. "Suffice it to say that this Court will affirm a decree correct in result, but rendered upon different, incomplete, or erroneous grounds." Continental Casualty Co. v. Smith, 720 S.W.2d 48, 50 (Tenn. 1986) (citing Hopkins v. Hopkins, 572 S.W.2d 639, 641 (Tenn. 1978)). Having found that the trial court correctly held that the claim was not timely filed and that there was no evidence of fraud, we find it "unnecessary to discuss the other grounds upon which the trial court based its ruling." See id.

## Conclusion

Accordingly, we affirm the trial court's dismissal of the action. We find that the disposition of the first issue renders unnecessary any discussion of Ms. Sneed's three remaining issues. In addition, Ms. Sneed asked that she be permitted to pursue her claims of fraud and deceit and a claim for punitive damages. This request is respectfully denied. Costs on appeal taxed to the Appellant, Nannie Sneed, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE